IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-498 |
| PASQUALE CAPASSO | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Pasquale Capasso awaits sentencing after defrauding the Social Security Administration ("SSA") for approximately fifteen years. Specifically, the defendant filed materially false applications for SSA Disability Insurance Benefits ("DIB"). The defendant's actions resulted in a loss to the government of $141,590.60. The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, and why a sentence of imprisonment within the guideline range is appropriate for the defendant.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1] At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors… [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a

---

[1] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

I. **BACKGROUND**

On December 16, 2025, the defendant pleaded guilty to a one-count information, charging him with theft of government funds, pursuant to 18 U.S.C. § 641. During his plea colloquy, the defendant admitted that he knowingly defrauded the Social Security Administration by submitting false information that he was disabled and unable to work, all while working and/or operating his own business. This Court has scheduled sentencing for March 17, 2026.

II. **SENTENCING CALCULATION**

A. **Statutory Maximum Sentence.**

The maximum sentence that may be imposed on the defendant is 10 years' imprisonment, 3 years' supervised release, a $250,000 fine, full restitution of $141,590.60 and a $100 special assessment.

B.     **Sentencing Guidelines Calculation.**

The Probation Office correctly calculated the defendant's advisory guideline range as follows: The base offense level is six. U.S.S.G. §2B1.1(a)(2). As the defendant knowingly caused over $95,000 but less than $150,000 in loss, eight additional points were added to his guideline score. U.S.S.G. § 2B1.1(b)(1)(E). The defendant clearly demonstrated acceptance of responsibility for his crime, resulting in a two-point reduction. U.S.S.G. § 3E1.1(a). The defendant has no prior criminal convictions and thus is eligible for a two-level reduction as a zero-point offender. PSR ¶ 28 and U.S.S.G. § 4C1.1. The total offense level is therefore 10 and, with a Criminal History Category of I, the defendant has a resulting advisory guidelines range of 6 to 12 months. PSR ¶ 62.

III.    **ANALYSIS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id*.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

The defendant stole a substantial sum of money from the Social Security Administration by alleging that he was severely disabled and unable to work. In reality, the defendant was working prior to receiving benefits and continued to work throughout the years that he received disability benefits and support. However, as evident from the investigation and supported by the PSR, the defendant used the funds for bills and necessities, rather than a lavish lifestyle. His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of a guideline sentence.

It is clear that the recommended guideline range is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). The benefits programs administered by the government suffer substantial fraud every year. Although the defendant's specific crime did not put the programs at risk, the cumulative effect of the defendant's actions coupled with fraud committed by other offenders poses a risk to the various programs. For approximately fifteen years, the defendant stole from taxpayers. Furthermore, the stability and integrity of federal benefits programs depend on the

- 5 -

honesty of people like the defendant. Although specific deterrence is of limited concern given the impossibility the defendant repeating this crime, there is significant value in the general deterrence of others who might consider similar crimes.

In addition, adherence to the recommended guideline range assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

The government also asks this Court to consider the impact of the defendant's crimes upon the benefits programs administered by SSA, as well as the taxpayers who fund benefits programs. The defendant, through his guilty plea, admitted stealing $141,590.60 and agreed to provide full restitution.

The government respectfully requests this Court order restitution be paid to:

>   Social Security Administration
>   Debt Management Section
>   P.O. Box 2861
>   Philadelphia, Pennsylvania 19122

IV.   **CONCLUSION**

The government recommends that the Court impose a sentence of imprisonment within the advisory guideline range of 6 to 12 months, for the reasons set forth above.

>   Respectfully submitted,
>
>   DAVID METCALF
>   United States Attorney
>
>   /s Laura J. Bradbury
>   LAURA J. BRADBURY
>   Special Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that this Sentencing Memorandum has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

Stephen Stewart, Esq.
ss@stephenstewartlaw.com


                                     */s Laura J. Bradbury*
                                     LAURA J. BRADBURY
                                     Special Assistant United States Attorney


DATED:  March 13, 2026